Donald A. Robinson
Robinson, Wettre & Miller LLC
One Newark Center, 19th Fl.
Newark, NJ 07102
Telephone:  (973) 690-5400
Facsimile: (973) 466-2760
DRobinson@RWMLegal.com

David T. Pritikin (dpritikin@sidley.com)
Richard A. Cederoth (rcederoth@sidley.com)
Lisa A. Schneider (lschneider@sidley.com)
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Thomas N. Tarnay (ttarnay@sidley.com)
Sidley Austin LLP
717 N. Harwood St., Suite 3400
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Attorneys for Defendant AT&T Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS, A Canadian Not for Profit Corporation, | § § § § § | MDL No. 2396 |
| et al., | § § | Civil Action No. 3:09-cv-03883-PGS-DEA |
| Plaintiffs, | § § § | ELECTRONICALLY FILED |
| v. | § § | Honorable Peter G. Sheridan |
| AT&T CORP., | § § § | Return Date: November 18, 2013 |
| Defendant. | § § | |

## DEFENDANT AT&T CORP.'S
## MEMORANDUM IN SUPPORT OF ITS MOTION FOR
## PARTIAL SUMMARY JUDGMENT OF PATENT EXHAUSTION

## **<u>TABLE OF CONTENTS</u>**

I.   INTRODUCTION.................................................................................5

II.  FACTUAL AND PROCEDURAL BACKGROUND ......................................6

  A.  TR Labs Granted Cisco A Covenant Not To Sue...........................................6

  B.  TR Labs Alleges That Using The Cisco Devices Causes AT&T To Infringe 7

     1.  The '734 Patent ......................................................................8

     2.  The '059 Patent ....................................................................10

III. LEGAL STANDARD...........................................................................11

IV. THIS COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT
     BECAUSE TR LABS' INFRINGEMENT CLAIMS ARE BARRED BY
     THE DOCTRINE OF PATENT EXHAUSTION.......................................13

  A.  TR Labs Granted Cisco A Covenant Not To Sue.........................................13

  B.  TR Labs Authorized The Sale Of Cisco Devices To AT&T ........................15

  C.  TR Labs Is Bound By Its Infringement Contentions, Which Allege Cisco's
  Products Substantially Embody The '734 And '059 Patents ..............................16

V.  CONCLUSION..................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..................................................................................12

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
495 F.3d 1340 (Fed. Cir. 2007) .................................................................14

*Bowman v. Monsanto Co.*,
133 S.Ct. 1761 (2013)................................................................................12

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)...................................................................................11

*Cisco Sys., Inc. v. Alberta Telecomms. Research Ctr.*,
No. 2012-1687, 2013 WL 4563117 (Fed. Cir. Aug. 29, 2013).................6, 7, 14

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*,
819 F.2d 1519 (9th. Cir. 1987) ..................................................................12

*Dow Jones v. Ablaise Ltd.*,
606 F.3d 1338 (Fed. Cir. 2010) .................................................................14

*In re Cardizem CD Antitrust Litig.*,
105 F. Supp. 2d 682 (E. D. Mich. 2000) ...................................................13

*Keurig, Inc. v. Sturm Foods, Inc.*,
No. 2013-1072, slip op. at 2-3, 9 (Fed. Cir. Oct. 17, 2013) ..........................5, 12

*LG Elecs., Inc. v. Hitachi, Ltd.*,
655 F. Supp. 2d 1036 (N.D. Cal. 2009)................................................16, 17, 18

*Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)...................................................................................12

*Organic Seed Growers & Trade Ass'n v. Monsanto Co.*,
718 F.3d 1350 (Fed. Cir. 2013) .................................................................7, 14

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
553 U.S. 617 (2008)........................................................................12, 13, 15, 16

*TransCore v. Elec. Transaction Consultants,*
    563 F.3d 1271 (Fed. Cir. 2009) ................................................................12, 15


**STATUTES**

35 U.S.C. § 112(b) ................................................................................18


**OTHER AUTHORITIES**

Local Civil Rule 56.1 ................................................................................6

Federal Rule of Civil Procedure 56(a) ................................................11

Local Patent Rule 3.1(c) ................................................................18

Pursuant to Federal Rule of Civil Procedure 56, Defendant AT&T Corp. ("AT&T") moves for partial summary judgment that Plaintiff Alberta Telecommunications Research Centre's ("TR Labs") infringement allegations based upon the use of equipment from Cisco Systems, Inc. ("Cisco") are barred by the doctrine of patent exhaustion.

## I.    INTRODUCTION

When a patentee authorizes the sale of a product substantially embodying the claims of the patent, the patentee cannot assert its patent against downstream purchasers. Thus, for example, if a patentee authorizes the sale of patented coffee makers, it cannot later seek to assert its patents against a consumer who purchased one of the coffee makers and used it to make coffee.[1] This doctrine is known as "exhaustion."

Here, TR Labs' patent rights have been exhausted by Cisco's authorized sale of telephone network devices that AT&T uses in its network. There can be no dispute that Cisco's sale of devices to AT&T is authorized – TR Labs expressly granted Cisco a covenant not to sue Cisco for infringement. There likewise can be no dispute that TR Labs' infringement contentions allege that Cisco devices substantially embody the asserted claims of the patents – TR Labs' infringement

---

[1] *See Keurig, Inc. v. Sturm Foods, Inc.*, No. 2013-1072, slip op. at 2-3, 9 (Fed. Cir. Oct. 17, 2013) (sale of plaintiff's patented coffee makers exhausted rights in the asserted patents).

contentions point to the features and characteristics of the Cisco devices and assert that these features and characteristics cause AT&T to infringe.

Accordingly, the Court should grant AT&T partial summary judgment that TR Labs' infringement allegations based on the use of Cisco's equipment are barred by the doctrine of patent exhaustion. Grant of summary judgment will simplify the issues, eliminate some discovery, streamline the issues for trial, and potentially increase the likelihood of the parties reaching a settlement.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   TR Labs Granted Cisco A Covenant Not To Sue

After TR Labs sued AT&T and other Cisco customers, Cisco brought suit against TR Labs to obtain a declaratory judgment of non-infringement and invalidity of TR Labs' patents. *See* Statement of Material Facts Not In Dispute[2] ("Statement of Facts") ¶ 33 (citing *Cisco Sys., Inc. v. Alberta Telecomms. Research Ctr.*, No. 2012-1687, 2013 WL 4563117, at *1 (Fed. Cir. Aug. 29, 2013)). The District Court dismissed Cisco's complaint for lack of subject matter jurisdiction. *See id.* ¶ 34 (citing *Cisco*, 2013 WL 4563117, at *1-2).

At the oral argument on the appeal of the dismissal, TR Labs granted Cisco a covenant not to sue. *Id.* ¶ 35 (citing *Cisco*, 2013 WL 4563117, at *4) ("TR Labs

---

[2] Submitted with this motion is a Statement of Material Facts Not in Dispute in compliance with Local Civil Rule 56.1. Citations in this brief to "Statement of Facts" are to that document.

has expressly offered to give Cisco a covenant not to sue Cisco for infringement of any of the asserted patents."). The Federal Circuit relied on that covenant in upholding the dismissal of Cisco's declaratory judgment complaint. Indeed, in so doing, the Federal Circuit quoted *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1358 (Fed. Cir. 2013), stating "'[i]f we rely on [the patentee's] representations to defeat the appellants' declaratory judgment claims (as we do), those representations are binding as a matter of judicial estoppel. It is well-established that a party who successfully argues one position is estopped from later adopting a contrary position in a case involving the same patent.'" *Cisco*, 2013 WL 4563117, at *3.

## B.    TR Labs Alleges That Using The Cisco Devices Causes AT&T To Infringe

TR Labs asserts that AT&T's use of Cisco devices infringes two patents. As detailed below, TR Labs' infringement contentions point to AT&T's use of Cisco devices in their intended manner as allegedly satisfying each and every limitation of U.S. Patent Nos. 6,404,734 ("the '734 patent") and 7,260,059 ("the '059 patent").[3] In each case, TR Labs points to standard features and uses of the Cisco products to allege infringement. TR Labs repeatedly cites Cisco's product

---

[3] This motion does not address TR Labs' other allegations of infringement based on AT&T's use of equipment purchased by Ciena and Fujitsu.

literature to explain how Cisco's ONS 15454 supposedly meets all of the claim limitations.  *See* Statement of Facts ¶ 19.[4]

### 1.   *The '734 Patent*

The '734 patent claims systems and methods for performing network restoration using a specialized "nodal switching device."  *See, e.g.*, Statement of Facts ¶ 1; *see also id.* ¶ 12.  This special nodal switching device is the alleged "inventive aspect" of the '734 patent.  *See* Memorandum & Order, *TR Labs v. AT&T Corp.*, No. 09-cv-03883-PGS-DEA (D.N.J. Aug. 10, 2012), Dkt. 116 ("*Markman* Order") at 25.  In its infringement contentions, TR Labs accuses Cisco devices as being these special "nodal switching devices."  Statement of Facts ¶¶ 2-11, 13-16.  TR Labs has specifically accused the features of Cisco's ONS 15454 product as performing all of the functions of the nodal switching device claimed in claim 1 of the '734 patent (*see* Statement of Facts ¶ 2):

- TR Labs alleges that Cisco's ONS 15454 meets the claim requirement of "plural nodes connected in a ring."  *See* Statement of Facts ¶ 3 (citing TR Labs' infringement contentions, which state ███████████████████ ███████████████████████████████████████ ████████████████████;

- TR Labs alleges that Cisco's ONS 15454 is the "nodal switching device [that] terminates the straddling span" required by the '734 patent.  *Id.* ¶ 4

---

[4] AT&T, of course, disputes that it infringes TR Labs patents (using Cisco's products or otherwise).  For purposes of this motion, however, it takes as true TR Labs' infringement contentions.

(citing TR Labs' infringement contentions, which state █████████████████
██████████████████████);

- TR Labs alleges that the features of Cisco's ONS 15454 satisfy the requirement that the claimed "nodal switching device form[] an add-drop multiplexer" that automatically responds to a failure in a straddling span. *Id.* ¶ 5 (citing TR Labs' infringement contentions, which state ███████████
██████████████████████████████;

- TR Labs alleges that Cisco's ONS 15454 has "first," "second," and "third" network interfaces as required by the '734 patent. *Id.* ¶ 6 (citing TR Labs' infringement contentions, which state ██████████████████████████
███████████████████████████████ *, id.*
██████████████████;

- TR Labs alleges that Cisco's ONS 15454 provides the third network interface "connecting to the straddling span" as claimed in the '734 patent. *Id.* ¶ 7 (citing TR Labs' infringement contentions, which state ██████████
██████████████████;

- TR Labs alleges that Cisco's ONS 15454 provides the "plural local interface ports" as required by the claims of the '734 patent. *Id.* ¶ 8 (citing TR Labs' infringement contentions, which state ████████████████████████
███████████████████████████████████████
████;

- TR Labs alleges that the "internal circuits" of Cisco's ONS 15454 provide the claimed "internal switching device" and "controller operably connected to each internal switching device." *Id.* ¶ 9 (citing TR Labs' infringement contentions, which state ██████████████████████████

██████████████████████████████████████████████ and

- TR Labs alleges that Cisco's ONS 15454 satisfies the claim requirement of "the controller being configured to route traffic . . . upon the occurrence of a network failure" and asserts that this is an "automatic[]" feature of Cisco's ONS 15454. *Id.* ¶ 11 (citing TR Labs' infringement contentions, which state ████████████████████████████████████████████████████████████████████████████████████████████.

TR Labs likewise alleges that AT&T infringes because the Cisco device meets all of the elements of claim 5 of the '734 patent. *See* Statement of Facts ¶¶ 12-16.

### 2. The '059 Patent

The '059 patent claims a method for converting a ring network topology to a mesh network topology. *See Markman* Order at 34; Statement of Facts ¶ 25, 32. Again, TR Labs points exclusively to Cisco devices used in their ordinary manner to support its allegations of infringement for the asserted claims for the '059 patent (*see* Statement of Facts ¶ 26):

- TR Labs alleges that Cisco's ONS 15454 products form the initial claimed ring structure. *See* Statement of Facts ¶ 27 (citing TR Labs' infringement contentions, which state ████████████████████████████████████████████████.

- TR Labs alleges that the network protection structures allegedly used by the Cisco ONS 15454 satisfy the requirement of "protection organized in rings of connected protection links." *Id.* (citing TR Labs' infringement contentions, which state ██████████████████████████████████████████████████████████.

- TR Labs alleges that the act of connecting Cisco's ONS 15454 to other network elements satisfies the requirement of "selecting ring nodes for conversion from ring node to mesh node." *Id.* ¶ 28 (citing TR Labs' infringement contentions, which state ██████████████████████

- TR Labs alleges that Cisco's own product literature shows that AT&T allegedly selected nodes for conversion "according to a strategy that increases and optimizes demand served by the telecommunications network, wherein the strategy takes into account the cost of conversion of the selected nodes from ring node to mesh node. *Id.* ¶ 29 (quoting TR Labs' infringement contentions, which cite a publication entitled "Transport Cisco ONS 15454 Multi-Service Transport Platform"); and

- TR Labs alleges that "disconnecting the pre-existing connections between Cisco 15454 devices" to form new connections satisfies the claim requirement of "breaking connections between protection links at the selected nodes" and "connecting the protection links into a mesh network of links of spare capacity, thereby converting each of the selected ring nodes from a ring node to a mesh node." *Id.* ¶ 30 (citing TR Labs' infringement contentions, which state that ██████████████████████

## III.   LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Although a court must view all evidence in the light most favorable to the nonmoving party, the nonmoving party must present more than a "metaphysical

11

doubt as to the material facts" to survive summary judgment. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 586 (1986). The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-moving party must identify genuine disputes over specific facts that might affect the outcome of the lawsuit and establish that there is a genuine triable issue to preclude the entry of summary judgment. *Id.* at 247-48.

"The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008). As a result, "the authorized sale of a patented article gives the purchaser, or any subsequent owner, a right to use or resell that article." *Bowman v. Monsanto Co.*, 133 S.Ct. 1761 (2013). Patent exhaustion is an issue that may be properly decided by summary judgment. *See Keurig, Inc. v. Sturm Foods, Inc.*, No. 2013-1072, slip op. at 2 (Fed. Cir. Oct. 17, 2013) (affirming summary judgment dismissal of claim based on patent exhaustion); *TransCore v. Elec. Transaction Consultants*, 563 F.3d 1271, 1274 (Fed. Cir. 2009). Likewise, partial summary judgment is appropriate where it will narrow the issues and streamline trial. *See, e.g., Continental Airlines, Inc. v.*

12

*Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th. Cir. 1987) (recognizing that, in complicated case, partial summary judgment "effectively narrowed the issues, shortened any subsequent trial by months, and efficiently separated the legal from the factual questions"); *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 682, 691-92 (E. D. Mich. 2000) (holding that partial summary judgment was appropriate because it would narrow the scope of discovery, streamline the issues for trial, and serve the interests of judicial economy).

## IV.   THIS COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT BECAUSE TR LABS' INFRINGEMENT CLAIMS ARE BARRED BY THE DOCTRINE OF PATENT EXHAUSTION

There are two requirements for patent exhaustion to apply. ***First***, the sale must be "authorized" by the patentee. *Quanta*, 553 U.S. at 636 ("Exhaustion is triggered only by a sale authorized by the patent holder."). ***Second***, the authorized product must "substantially embody" the claimed invention. *Id.* at 633 (holding that exhaustion applies to products embodying the inventive aspects of the claimed invention). Both requirements are satisfied here: TR Labs' covenant authorized Cisco's sales to AT&T, and TR Labs' infringement contentions allege that Cisco's devices substantially embody the claimed invention.

### A.   TR Labs Granted Cisco A Covenant Not To Sue

TR Labs chose not to litigate the issue of infringement by Cisco's products in Cisco's declaratory judgment case and instead granted Cisco a covenant not to

sue in order to extinguish any controversy between them. *See Cisco*, 2013 WL 4563117, at \*4 (noting that TR Labs "is willing to grant Cisco an unqualified covenant not to sue."). The Federal Circuit relied on TR Labs' representations and covenant in its decision, and as a result TR Labs' representations in Cisco's declaratory judgment case are binding. *See Cisco*, 2013 WL 4563117, at \*3 (quoting *Organic Seed Growers*, 718 F.3d at 1358) (following principle that when representations are used to defeat declaratory judgment claims, those representations are "'binding as a matter of judicial estoppel,'" which precludes TR Labs from "'later adopting a contrary position in a case involving the same patents'"). TR Labs cannot deny that Cisco is protected by a covenant not to sue.

TR Labs may argue that it merely offered Cisco a covenant and did not grant Cisco a covenant. Such an argument is unavailing. Under Federal Circuit law, this offer of a covenant not to sue is just as binding on TR Labs as an executed covenant. *See, e.g., Dow Jones v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (holding mere offer of a covenant was binding and divested the district court of jurisdiction); *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343, 1347-48 (Fed. Cir. 2007) (accepting the representation from patentee's counsel that it covenants not to sue as binding covenant).

14

### B.  TR Labs Authorized The Sale Of Cisco Devices To AT&T

The Federal Circuit has squarely decided that a covenant authorizes all sales by the recipient of the covenant under the doctrine of patent exhaustion. *See TransCore*, 563 F.3d at 1274 ("The question for this court is whether an unconditional covenant not to sue authorizes sales by the covenantee for purposes of patent exhaustion.  We hold that it does."). Any sales from Cisco (the covenantee) to AT&T (the defendant) therefore were authorized for purposes of patent exhaustion.  *See id.* at 1277 ("[T] district court correctly found that [the covenantee's] sales to [the defendant] were authorized and that [the patentee's] patent rights are exhausted.").

TR Labs' intent is immaterial.  *Quanta*, 553 U.S. at 636 ("But the question whether third parties received implied licenses is irrelevant because Quanta asserts its right to practice the patents based not on implied license but on exhaustion. And exhaustion turns only on Intel's own license to sell products practicing the LGE Patents."); *TransCore*, 563 F.3d at 1277 ("The only issue relevant to patent exhaustion is whether [the covenantee's] sales were authorized, not whether [the patentee and covenantee] intended, expressly or impliedly, for the covenant to extend to [the covenantee's] customers.").  As a result, Cisco's sales to AT&T were authorized by TR Labs' covenant not to sue, even if TR Labs somehow did not intend for its covenant to extend to the benefit of third parties.

Whether TR Labs received any monetary compensation is also irrelevant. TR Labs received a direct benefit from its covenant not to sue Cisco when it avoided declaratory judgment invalidity challenges and non-infringement challenges by granting Cisco a covenant not to sue, resulting in the Federal Circuit's upholding of the dismissal of Cisco's complaint.

### C.   TR Labs Is Bound By Its Infringement Contentions, Which Allege Cisco's Products Substantially Embody The '734 And '059 Patents

TR Labs' infringement contentions allege that Cisco's products substantially embody the patents.  *See, e.g., LG Elecs., Inc. v. Hitachi, Ltd.*, 655 F. Supp. 2d 1036, 1042 (N.D. Cal. 2009) ("[The patentee's] preliminary infringement contentions demonstrate that here, as in *Quanta*, the [authorized] parts substantially embody the patents-in-suit.").  TR Labs is bound by those contentions.

For example, this Court has already found that the specialized "nodal switching device" is the "inventive aspect" of the '734 patent.  *Markman Order* at 25.  TR Labs' infringement contentions point exclusively to Cisco devices as satisfying the "nodal switching device" limitation.  Thus, TR Labs' infringement contentions allege that the Cisco device substantially embodies the invention of the '734 patent.  *See Quanta*, 553 U.S. at 632 (a product substantially embodies the

16

claimed invention for purposes of patent exhaustion when it contains the "essential" or "inventive" aspects of the patent).

Likewise, with respect to the other limitations of the '734 patent and the limitations of the '059 patents, TR Labs alleges that the features of Cisco's ONS 15454 satisfy **each and every** claim limitation required by the '734 and '059 patents. *See, e.g.,* Statement of Facts ¶¶ 2-11, 13-16, 26-30. Additionally, TR Labs' infringement contentions demonstrate that AT&T is using the Cisco devices in their intended manner. For example, in its claim chart for the '734 patent, TR Labs cites the "Overview" section of a Cisco engineering document for the Cisco 15454. Statement of Facts ¶¶ 23-24. The overview describes in general how the Cisco 15454 can be used. *Id.* ¶ 24. In addition, the same Cisco document explains that the Cisco 15454 can be used in combination with other Cisco products, or with equipment from third parties (such as other equipment vendors). Statement of Facts ¶ 22.

Thus, the facts here are nearly identical to those presented in *LG Electronics*, where exhaustion was found. *See LG Elecs.*, 655 F. Supp. 2d at 1048. There, the accused infringer moved for summary judgment on exhaustion grounds, arguing that the infringement contentions focused on equipment purchased from an authorized seller. *Id.* at 1031, 1041-42. The court found that the patent rights were exhausted and, in determining that the accused equipment substantially embodied

17

the inventions, noted that "LGE is bound by its contentions, and those contentions assert that the accused products infringe the patent-in-suit based on nothing more than the fact that they contain licensed Intel parts in combination with other unspecified standard parts." *Id.* at 1044. Similarly, based on its infringement contentions, TR Labs cannot now sidestep a finding of exhaustion merely by asserting that the Cisco products must be connected together with cables or combined with other devices in AT&T's network. *See id.* at 1043 ("The mere fact that a component is *necessary* to practice the patent does not mean that it reflects an *inventive aspect* of the patent—it must also be a unique feature of the patented system.").

TR Labs cannot take inconsistent positions in its infringement contentions and in response to this motion. Under the Local Patent Rules, the contentions must "identif[y] specifically where each limitation of each asserted claim is found." L. Pat. R. 3.1(c). And the asserted claims by definition must "point[] out and distinctly claim[] the subject matter which the applicant regards as his invention." 35 U.S.C. § 112(b). Accordingly, TR Labs' infringement contentions are what TR Labs has represented to AT&T and to the Court are the basis for the alleged infringement. Thus if it is assumed (only for the purposes of this motion) that TR Labs' contentions make out a theory of infringement that justifies a lawsuit and describes all of the asserted claim limitations as being satisfied, then it would be

contradictory for TR Labs to argue that the Cisco products do not substantially embody the '734 and '059 patents. The Court should not allow TR Labs to take contradictory positions.

## V.   CONCLUSION

Patent rights are exhausted if the initial sale of a product substantially embodying the patent was authorized. TR Labs granted Cisco a covenant not to sue in exchange for avoiding a declaratory judgment action. TR Labs' infringement contentions allege that the Cisco products substantially embody the patents in suit. Therefore the sales of Cisco's products to AT&T were authorized and TR Labs' patent rights in the Cisco products are exhausted regardless of TR Labs' intent.

For the foregoing reasons, AT&T respectfully requests that the Court grant partial summary judgment that TR Labs' infringement allegations based on the use of Cisco's equipment are barred by the doctrine of patent exhaustion.

Respectfully submitted,

Date:  October 25, 2013

*s/Donald A. Robinson*

Donald A. Robinson
Robinson, Wettre & Miller LLC
One Newark Center, 19th Fl.
Newark, NJ 07102
Telephone:  (973) 690-5400
Facsimile: (973) 466-2760
DRobinson@RWMLegal.com

David T. Pritikin (*pro hac vice*)
dpritikin@sidley.com
Richard A. Cederoth (*pro hac vice*)
rcederoth@sidley.com
Lisa Schneider (*pro hac vice*)
lschneider@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: 312.853.7000
Fax: 312.853.7036

Thomas N. Tarnay (*pro hac vice*)
ttarnay@sidley.com
SIDLEY AUSTIN LLP
717 N. Harwood St., Suite 3400
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

***ATTORNEYS FOR DEFENDANT
AT&T CORP.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant AT&T Corp.'s Memorandum In Support Of Its Motion For Partial Summary Judgment Of Patent Exhaustion is being served upon all counsel of record via the Court's CM/ECF electronic filing system.

Date:  October 25, 2013

*s/Donald A. Robinson*

Donald A. Robinson
Robinson, Wettre & Miller LLC
One Newark Center, 19th Floor
Newark, New Jersey  07102
Telephone:  (973) 690-5400
Facsimile:  (973) 466-2760
DRobinson@RWMLegal.com

CH1 8283060v.19