Donald A. Robinson
Robinson, Wettre & Miller LLC
One Newark Center, 19th Fl.
Newark, NJ 07102
Telephone: (973) 690-5400
Facsimile: (973) 466-2760
DRobinson@RWMLegal.com

David T. Pritikin (dpritikin@sidley.com)
Richard A. Cederoth (rcederoth@sidley.com)
Lisa A. Schneider (lschneider@sidley.com)
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Thomas N. Tarnay (ttarnay@sidley.com)
Sidley Austin LLP
717 N. Harwood St., Suite 3400
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

*Attorneys for Defendant AT&T Corp.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS, A Canadian Not for Profit Corporation, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AT&T CORP.,<br><br>    Defendant. | MDL No. 2396<br><br>Civil Action No. 3:09-cv-03883-PGS-DEA<br><br>ELECTRONICALLY FILED<br><br>Honorable Peter G. Sheridan<br><br>Return Date: November 18, 2013 |

**DEFENDANT AT&T CORP.'S
REPLY IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT OF PATENT EXHAUSTION**

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................2

   A. TR Labs' Offer Of A Covenant Is Binding On TR Labs ...............................2

   B. The Covenant Not To Sue That TR Labs Offered Cisco Is Sufficient To Exhaust The '734 And '059 Patents Even Though The Offer Was Not Intended To Extend To AT&T .................................................................................................3

   C. The Accused Cisco Products Substantially Embody The Asserted Patents Under TR Labs' Infringement Contentions.........................................................4

   D. Exhaustion Applies Even If The Patentee Receives No Monetary Consideration......................................................................................................7

   E. TR Labs Can Only Blame Itself If It Regards Its Situation As Untenable .....7

III. CONCLUSION ....................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Burke*
   84 U.S. (17 Wall.) 453 (1873) .................................................................................1

*Benitec Austl., Ltd. v. Nucleonics, Inc.*
   495 F.3d 1340 (Fed. Cir. 2007) ...............................................................................2

*Cisco Sys., Inc. v. Alberta Telecomms. Research Ctr.*
   No. 2012-1687, 2013 WL 4563117 (Fed. Cir. Aug. 29, 2013) ...............................3

*Dow Jones v. Ablaise Ltd.*
   606 F.3d 1338 (Fed. Cir. 2010) ............................................................................2, 3

*LifeScan Scotland, Ltd. v. Shasta Techs., LLC*
   No. 2013-1271, 2013 WL 5878598 (Fed. Cir. Nov. 4, 2013) ....................1, 5, 6, 7

*Organic Seed Growers & Trade Ass'n v. Monsanto*
   718 F.3d 1350 (Fed. Cir. 2013) ............................................................................1, 2

*Quanta Computer, Inc. v. LG Elecs., Inc.*
   553 U.S. 617 (2008) ..........................................................................................4, 6, 7

*TransCore v. Elec. Transaction Consultants*
   563 F.3d 1271 (Fed. Cir. 2009) ...............................................................................4

## I.  INTRODUCTION

TR Labs concedes that it offered Cisco a covenant not to sue.  TR Labs likewise concedes that its infringement allegations against AT&T with respect to the '734 and '059 patents are premised on AT&T's use of Cisco equipment. Indeed, TR Labs only contests whether its offer of a covenant not to sue is binding and whether TR Labs could prevent the doctrine of exhaustion from extending to AT&T's ordinary use of the Cisco equipment.  These are pure legal issues, and TR Labs is wrong on both counts.

Where a patent holder grants a covenant not to sue to escape a lawsuit challenging its patents, such a covenant not to sue is binding forevermore.  *See Organic Seed Growers & Trade Ass'n v. Monsanto*, 718 F.3d 1350, 1358-59 (Fed. Cir. 2013).  Moreover, such a covenant not to sue results in exhaustion because "the sale by a person who has the full right to make, sell, and use a machine carries with it the right to the use of that machine to the full extent to which it can be used."  *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, No. 2013-1271, 2013 WL 5878598, at *4 (Fed. Cir. Nov. 4, 2013) (quoting *Adams v. Burke*, 84 U.S. (17 Wall.) 453 (1873)).  Therefore the Court should grant AT&T's motion for partial summary judgment that TR Labs' claims for infringement based on the use of Cisco equipment are barred by the doctrine of patent exhaustion.

## II. ARGUMENT

### A. TR Labs' Offer Of A Covenant Is Binding On TR Labs

TR Labs first argues that it only *offered* Cisco a covenant not to sue and did not actually *grant* Cisco a covenant not to sue. But an offer of a covenant not to sue is just as binding as an executed covenant. *See* Def.'s Op. Br., Dkt. 267-1, at 14.

TR Labs' attempts to distinguish the cases cited by AT&T are unavailing. For example, TR Labs admits that in *Organic Seed Growers* the Federal Circuit found that statements made by Monsanto concerning farmers who grew trace amounts of Monsanto seed "had a 'similar effect' to a covenant not to sue." Pls.' Opp'n Br., Dkt. 273, at 5. TR Labs then attempts to distinguish *Organic Seed Growers* by arguing that the covenant did not apply to *different* farmers that grew more than trace amounts of seed. That distinction makes no difference. *Organic Seed Growers* stands for the proposition that an offer of a covenant is binding on the offeror, and does not address the related question of exhaustion. *Organic Seed Growers*, 718 F.3d at 1358-59.

Similarly, TR Labs attempts to distinguish both *Dow Jones v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010) and *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007) on the ground that they did not address the effect of a covenant on the rights of a third party. That is not the point, however, as both

cases stand for the proposition that an offer of a covenant has the same effect as an executed covenant. *See, e.g., Dow Jones*, 606 F.3d at 1345, 1348 (holding that the offer of a covenant not to sue was sufficient to divest subject matter jurisdiction even though it was not signed by the parties).

Here TR Labs indisputably benefitted from the covenant not to sue, which led the Federal Circuit to affirm the dismissal of Cisco's declaratory judgment case. TR Labs' covenant is binding as a matter of judicial estoppel, and TR Labs cannot now argue otherwise. *See Cisco Sys., Inc. v. Alberta Telecomms. Research Ctr.*, No. 2012-1687, 2013 WL 4563117, at *3 (Fed. Cir. Aug. 29, 2013) (citing *Organic Seed Growers* for the proposition that if the Court relies on representations to defeat jurisdiction, those representations are binding as a matter of judicial estoppel).

> **B.   The Covenant Not To Sue That TR Labs Offered Cisco Is Sufficient To Exhaust The '734 And '059 Patents Even Though The Offer Was Not Intended To Extend To AT&T**

TR Labs also argues that it did not intend for the covenant to extend to AT&T. But TR Labs' intent is irrelevant. Even the patentee's express intent to exclude downstream purchasers from a license does not affect the exhaustion analysis:

> [The patentee] points out that the License Agreement ***specifically disclaimed any license to third parties*** to practice the patents by combining licensed products with other components. . . . But the question whether third

3

> parties received implied licenses is irrelevant because [the third party] asserts its right to practice the patents based not on implied license but on exhaustion. And *exhaustion turns only on [the authorized seller's] own license to sell products* practicing the [asserted patents].

*Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 637 (2008) (emphasis added). Indeed, "[t]he only issue relevant to patent exhaustion is whether [the covenantee's] sales were authorized, *not* whether [the patentee and covenantee] intended, expressly or impliedly, for the covenant to extend to [the covenantee's] customers." *TransCore v. Elec. Transaction Consultants,* 563 F.3d 1271, 1277 (Fed. Cir. 2009) (emphasis added). Here, there is no dispute that TR Labs offered a covenant not to sue to Cisco. *See* Pls.' Opp'n Br., Dkt. 273, at 1. That covenant gave Cisco to the right to sell its products without fear of a lawsuit for patent infringement. *See* Def.'s Op. Br., Dkt. 267-1, at 14-15. As a result, there is no dispute that Cisco's sales to AT&T were authorized and, accordingly, TR Labs' intent with respect to AT&T's use has no bearing on exhaustion.

### C. The Accused Cisco Products Substantially Embody The Asserted Patents Under TR Labs' Infringement Contentions

TR Labs also argues that the Cisco devices used by AT&T do not substantially embody the patented inventions. But TR Labs admits that it accuses the Cisco devices of satisfying each and every limitation of the '734 and '059 patents. Pls.' Opp'n Br., Dkt. 273, at 1 ("[T]here is absolutely *no* dispute regarding . . . the evidence relied upon by TR Labs in its infringement

4

contentions."). TR Labs' reliance on Cisco devices to satisfy every limitation of the asserted patents demonstrates that the accused Cisco devices substantially embody the '734 and '059 patents under TR Labs' infringement theories.

TR Labs' only argument that the accused Cisco devices do not substantially embody the inventions of the '734 and '059 patents is an allegation that unidentified non-infringing uses exist.[1] The Federal Circuit, however, just rejected TR Labs' argument. In *LifeScan*, the patentee had argued that the authorized sale of a product does not exhaust a patent if the product has a reasonable non-infringing use. *LifeScan*, 2013 WL 5878598, at *6. The Federal Circuit held otherwise and stated, "We have recently rejected the contention that a potential non-infringing use prevents exhaustion where the use in question is the very use contemplated by the patented invention itself." *Id.* (citing *Keurig, Inc. v. Sturm Foods, Inc.*, No. 13-1072, 2013 WL 5645192, at *3-4 (Fed. Cir. Oct. 17, 2013)). Here, there is no dispute that TR Labs contends that AT&T is using the Cisco devices in the manner contemplated by the patents—indeed, TR Labs accuses the Cisco devices of satisfying every limitation of the asserted claims.

---

[1] TR Labs argues that Cisco conceded that its products have non-infringing uses. But AT&T understands that Cisco took the position that *every single use* of its devices was non-infringing, and opposed TR Labs' motion to dismiss because of TR Labs' "extensive reliance on Cisco's products and Cisco's product literature in its infringement contentions." *See* Pls.' Proposed Add'l Facts, Dkt. 273-1, at ¶¶ 1, 7.

Further, whether non-infringing uses of a product exist does not determine whether the product substantially embodies a patent. Instead, a product substantially embodies a patent when "the only step necessary to practice the patent is the application of common processes or the addition of standard parts." *Quanta*, 553 U.S. at 633-34. As the Supreme Court explained in *Quanta*, "[e]verything inventive about each patent is embodied in the Intel products" because they "control" and "carry out" the functions described in the patents. *Id.*; *see also LifeScan*, 2013 WL 5878598, at *6 (analyzing whether the accused products control and carry out the inventive functions of the patent).

Here, in its infringement allegations against the Cisco devices, TR Labs does not accuse any other devices or products of controlling or carrying out the inventive functions of the patents. *See* Def.'s Op. Br. at 17-18.[2] Instead, TR Labs accuses the Cisco devices of satisfying every claim limitation of the '734 and '059 patents, and alleges no additional steps except that the Cisco devices are connected together using cables to form a network. *See* Pls.' Resps. To Proposed Facts, Dkt. 273-1, at ¶¶ 1-30 (admitting that Cisco devices perform every limitation of the

---

[2] In fact, taking the '734 patent for example, this Court has expressly recognized that the "inventive aspect" of the '734 patent is the specialized "nodal switching device." *See* Memorandum & Order, *TR Labs v. AT&T Corp.,* No. 09-cv-03883-PGS-DEA (D.N.J. Aug. 10, 2012), Dkt. 116 ("*Markman* Order") at 25. By accusing the Cisco devices as the nodal switching device of the '734 patent, TR Labs admits that the Cisco devices contain the inventive aspects of the patent. *See* Def.'s Op. Br., Dkt. 267, at 16-17.

6

patent); *id.* at ¶ 4 (admitting that TR Labs alleges that "Communication spans . . . connect pairs of [Cisco devices]"); *cf. Quanta*, 553 U.S. at 633-34 ("Naturally, the Intel Products cannot carry out these functions unless they are attached to memory and buses, but those additions are standard components in the system, providing the material that enables the microprocessors and chipsets to function."). Accordingly, TR Labs' own infringement allegations demonstrate that, according to TR Labs, the Cisco devices substantially embody the invention. The alleged existence of non-infringing uses does not change this result or avoid exhaustion.

### D. Exhaustion Applies Even If The Patentee Receives No Monetary Consideration

TR Labs briefly argues that the absence of consideration also precludes exhaustion. However, the very case it cites was overruled by the Federal Circuit a few days ago. *See LifeScan*, 2013 WL 5878598, at *11 ("We conclude that, in the case of an authorized and unconditional transfer of title, the absence of consideration is no barrier to the application of patent exhaustion principles.").

### E. TR Labs Can Only Blame Itself If It Regards Its Situation As Untenable

TR Labs' final argument boils down to a complaint that it is between a rock and a hard place. But TR Labs should not be heard to complain that resolution of the present motion in AT&T's favor is unreasonable when TR Labs put itself in this position. As described above, TR Labs' infringement contentions assumed

7

infringement by AT&T based on nothing more than the use of Cisco equipment. Tellingly, TR Labs did not dispute the characterization of TR Labs' contentions in AT&T's opening brief. *See* Pls.' Resps. To Proposed Facts, Dkt. 273-1, at 1-3 (admitting all proposed facts). If TR Labs did not want to invite a declaratory judgment action from Cisco, it should not have premised infringement on nothing more than the use of Cisco equipment. Likewise, if TR Labs did not want to risk patent exhaustion, it could have litigated its patents against Cisco rather than offering a covenant not to sue. TR Labs, however, made its choices and now must abide the consequences.

## III. CONCLUSION

For the foregoing reasons, AT&T respectfully requests that the Court grant partial summary judgment that TR Labs' infringement allegations based on the use of Cisco's equipment are barred by the doctrine of patent exhaustion.

8

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  November 12, 2013 | *s/Donald A. Robinson*<br>Donald A. Robinson<br>Robinson, Wettre & Miller LLC<br>One Newark Center, 19th Fl.<br>Newark, NJ 07102<br>Telephone:  (973) 690-5400<br>Facsimile: (973) 466-2760<br>DRobinson@RWMLegal.com<br><br>David T. Pritikin (*pro hac vice*)<br>dpritikin@sidley.com<br>Richard A. Cederoth (*pro hac vice*)<br>rcederoth@sidley.com<br>Lisa Schneider (*pro hac vice*)<br>lschneider@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Tel: 312.853.7000<br>Fax: 312.853.7036<br><br>Thomas N. Tarnay (*pro hac vice*)<br>ttarnay@sidley.com<br>SIDLEY AUSTIN LLP<br>717 N. Harwood St., Suite 3400<br>Dallas, TX 75201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br><br>***ATTORNEYS FOR DEFENDANT AT&T CORP.*** |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant AT&T Corp.'s Reply In Support Of Its Motion For Partial Summary Judgment Of Patent Exhaustion is being served upon all counsel of record via the Court's CM/ECF electronic filing system.

Date:  November 12, 2013

                                  *s/Donald A. Robinson*

                                  Donald A. Robinson
                                  Robinson, Wettre & Miller LLC
                                  One Newark Center, 19th Floor
                                  Newark, New Jersey  07102
                                  Telephone:  (973) 690-5400
                                  Facsimile:  (973) 466-2760
                                  DRobinson@RWMLegal.com

DA1 788373v.19