Kristine L. Butler, Esquire
VOLPE AND KOENIG, P.C.
212 Carnegie Center, Suite 202
Princeton, New Jersey 08540
Phone:  (609) 924-7900
Fax:  (609) 924-7902

Ryan W. O'Donnell, Esquire
VOLPE AND KOENIG, P.C.
United Plaza
30 South 17th Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 568-6400
Fax:  (215) 568-6499

*Attorneys for Plaintiffs,*
*Telecommunications Research*
*Laboratories d/b/a TR Labs and*
*TR Technologies, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TELECOMMUNICATIONS RESEARCH LABORATORIES d/b/a TR LABS AND TR TECHNOLOGIES, INC.** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) Civ. No. 3:09-cv-3883(PGS)(DEA) ) ) |
| **AT&T CORP.,** | ) ELECTRONICALLY FILED ) |
| **Defendant.** | ) |

**TR LABS' SUR-REPLY TO AT&T'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF PATENT EXHAUSTION**

AT&T has cited *LifeScan Scotland, Ltd. v. Shasta Technologies, LLC*, which has virtually nothing in common with the instant case. LifeScan, the patentee, manufactured blood glucose meters. *LifeScan Scotland, Ltd. v. Shasta Technologies*,

2759755-1

LLC, 2013 U.S. App. LEXIS 22332 *3-4 (Fed. Cir. Nov. 4, 2013). Shasta, the accused infringer, made blood glucose test strips used with LifeScan's meters. *Id.* at *6. LifeScan sued Shasta for indirect infringment, alleging that Shasta's customers using test strips in conjunction with LifeScan's meters were direct infringers. *Id.* Shasta asserted patent exhaustion. *Id.* at *7. This is far different than TR Labs' offer of a covenant not to sue against Cisco against whom TR Labs admittedly had neither a claim for direct or indirect infringement.

AT&T cites *LifeScan* for the proposition that a potential non-infringing use will not prevent exhaustion where the use in question is the "very use contemplated by the patented invention itself." *Id.* at *17. While that may be true, the substantial non-infringing use for Cisco's components is, *e.g.,* in a SONET ring, a use not contemplated by the '734 and '059 patents identified by AT&T.

This Court construed "straddling span" in the '734 patent as, *inter alia*, extending "between two nodes on a preconfigured cycle . . . but is not part of the preconfigured cycle of spare capacity," *i.e.*, a "mesh" configuration. *See* ECF No. 116 at 28. The Court also stated that that the '059 patent is directed to "converting a ring network to a **mesh** network." *Id.* at 34 (emphasis added). Thus, the use of Cisco's components in a ring configuration cannot infringe either of these patents, and such use is not "contemplated" by either patent. Consequently, the *LifeScan* decision does not warrant the application of the patent exhaustion doctrine here.

Dated:  November 21, 2013                     Respectfully submitted,

s/ Kristine L. Butler
Kristine L. Butler, Esquire
VOLPE AND KOENIG, P.C.
212 Carnegie Center, Suite 202
Princeton, New Jersey 08540
Telephone:  (609) 924-7900
Facsimile:  (609) 924-7902

Ryan W. O'Donnell, Esquire
VOLPE AND KOENIG, P.C.
United Plaza
30 South 17th Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 568-6400
Fax:  (215) 568-6499

*Attorneys for Plaintiffs Telecommunications Research Laboratories d/b/a TR Labs an*d *TR Technologies, Inc.*

OF COUNSEL:

George C. Summerfield
STADHEIM & GREAR, LTD.
400 North Michigan Avenue, Suite 2200
Chicago, Illinois 60611
Telephone:  (312) 755-4400
Facsimile:  (312) 755-4408